# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**JAMAL D. AKRAM,**  **PETITIONER**
**ADC #088346**

### CASE NO. 4:20-CV-1015-KGB-BD

**DEXTER PAYNE, Director,**
**Arkansas Division of Correction**  **RESPONDENT**

## RECOMMENDED DISPOSITION

**I.   Procedure for Filing Objections:**

This Recommendation for dismissal has been sent to Judge Kristine G. Baker. Either party may file objections if they disagree with the findings or conclusions set out in the Recommendation. Objections should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be filed within 14 days. If parties do not file objections, they risk waiving the right to appeal questions of fact. And, if no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing the record.

**II.   Background:**

**A.  Trial Proceedings**

Petitioner Jamal Akram was found guilty of first-degree murder in Mississippi County Circuit Court Case No. 47BCR-16-94 on August 24, 2017.[1] In his response to the

---

[1] Case information is publicly available at "CourtConnect" on the Arkansas Judiciary's homepage, https://caseinfo.arcourts.gov/cconnect/.

pending habeas corpus petition, Director Payne recites the facts of the murder case, as follows: Mr. Akram was charged with the offense of first-degree murder after his girlfriend was found beaten to death in the home they shared. (Doc. No. 12) The charge was supported by DNA evidence found at the scene, Mr. Akram's behavior at the scene, and his statements to police after the murder. *Id.* At trial, Mr. Akram validly waived his right to counsel and represented himself. *Id.*

After convicting him of first-degree murder, the jury sentenced Mr. Akram to sixty years' imprisonment in the Arkansas Department of Correction. *Id.*

### B. State Post-Conviction Remedies

On direct appeal, Mr. Akram challenged, among other things, the sufficiency of the evidence to support his conviction. (Doc. No. 12-2) The Arkansas Court of Appeals declined to hear Mr. Akram's sufficiency-of-the-evidence claim because it was not properly preserved for appellate review due to Mr. Akram's failure to comply with the requirements of ARK. R. CRIM. PRO. 33.1. (Doc. No. 12-5) After considering the other grounds for appeal, The Arkansas Court of Appeals affirmed Mr. Akram's conviction on October 24, 2018.[2]

### C. Federal Habeas Petition

Mr. Akram filed this pending *pro se* petition for writ of habeas corpus alleging insufficiency of the evidence under 28 U.S.C. § 2254. (Doc. No. 1) Director Payne

---

[2] Mr. Akram also filed a Rule 37 petition alleging ineffective waiver of counsel and ineffective assistance of counsel, but those issues are not included in the present habeas petition and therefore will not be addressed by this Court.

responded to the petition, seeking dismissal based on procedural default. (Doc. No. 12) Mr. Akram filed a reply that the Court has reviewed. (Doc. No. 16)

### III. Procedural Default:

Procedural default bars federal court review of a state conviction if the petitioner failed to fairly present the claim at issue in state court; and a state procedural rule would bar him from bringing the claim if he returned to state court. *Kennedy v. Kemna*, 666 F.3d 472, 480 (2012), *cert. denied*, 568 U.S. 1012 (2012) (a claim is procedurally defaulted if a petitioner failed to raise it in state proceedings).

A habeas petitioner's default can be excused, but only in limited circumstances. The petitioner must demonstrate cause for the default and actual prejudice resulting from the violation of federal law; or that a failure to consider the claims would result in a fundamental miscarriage of justice. *Franklin v. Hawley*, 879 F.3d 307, 313-14 (8th Cir. 2018) (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). Under the cause-and-prejudice standard, cause is established when some objective factor, external to the defense, impeded efforts to comply with the state's procedural rule. *Id*. at 313 (citing *Coleman*, 501 U.S. at 753).

All insufficiency-of-the-evidence claims, including those raised by Mr. Akram in his petition, must be properly preserved for review under Rule 33.1 of the Arkansas Rules of Criminal Procedure. This requires a criminal defendant to timely move for directed verdict and to state the specific grounds for the motion. See ARK. R. CRIM. PRO. 33.1(c) ("The failure of a defendant to challenge the sufficiency of the evidence at the times and in the manner required . . . will constitute a waiver of any question pertaining to the

3

sufficiency of the evidence . . . A motion merely stating that the evidence is insufficient does not preserve for appeal issues relating to a specific deficiency.") Though Mr. Akram did move for a directed verdict during his trial, it was a general motion for directed verdict that did not specify the missing elements in the State's case and, therefore, was not properly preserved for review. (Doc. No. 12-5 at p.3) An error barring a claim on direct appeal in state court is procedurally defaulted and bars federal habeas review. See *Coleman*, 501 U.S. at 747. Accordingly, Mr. Akram's claim is procedurally defaulted and he must establish cause and prejudice or actual innocence before the Court can address the merits of his constitutional claim.

Mr. Akram has not come forward with any objective factor external to the defense that impeded his efforts to comply with Arkansas's post-conviction process so as to excuse the procedural default of his claims. Accordingly, the Court need not address prejudice. *McCleskey v. Zant*, 499 U.S. 467, 502 (1991).

The Court could still review Mr. Akram's claims in spite of his procedural default if there were *new* evidence to support a claim of actual innocence. *Nash v. Russell*, 807 F.3d 892, 898 (8th Cir. 2015) (citing *Schlup v. Delo*, 513 U.S. 298 (1995)). In this case, however, Mr. Akram has not alleged that he is actually innocent of the crime. Therefore, this exception does not merit further discussion.

Mr. Akram procedurally defaulted his claims. He has failed to meet the burden of demonstrating excusable cause for his procedural default; and he has failed to establish actual innocence. Under these circumstances, this Court cannot review the merits of the petition.

## IV.  Certificate of Appealability:

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability. Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court. The Court can issue a certificate of appealability only if Mr. Akram has made a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). In this case, Mr. Akram has not provided a basis for the Court to issue a certificate of appealability. Accordingly, a certificate of appealability should be denied.

## V.  Conclusion:

Mr. Akram's claims are procedurally defaulted. The Court recommends, therefore, that Judge Baker DISMISS the petition for writ of habeas corpus (Doc. No. 1), with prejudice.

Mr. Akram has filed a motion to "correct case title." (Doc. No. 17) It appears that he is confused about the nature of this case. A petition for writ of habeas corpus is a civil action even though it concerns an underlying criminal case. Accordingly, the pending motion to correct (Doc. No. 17) should be DENIED.

DATED this 6th day of January, 2021.

_____
UNITED STATES MAGISTRATE JUDGE