IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JAMAL D. AKRAM,**
ADC #088346                                                                                          PETITIONER

v.                                    Case No. 4:20-cv-1015-KGB-BD

**DEXTER PAYNE, Director,**
Arkansas Division of Correction                                                                      RESPONDENT

## ORDER

Before the Court are petitioner Jamal Akram's motion for copies, motion for extension of time to file a motion for rehearing, and motion to reconsider (Dkt. Nos. 23–25). On September 22, 2021, this Court approved and adopted United States Magistrate Judge Beth Deere's Recommended Disposition and issued a Judgment dismissing with prejudice Mr. Akram's petition for a writ of *habeas corpus* (Dkt. Nos. 21; 22). The Court also declined to issue a certificate of appealability because Mr. Akram had not made a substantial showing of a denial of a constitutional right (Dkt. No. 21, at 1). The Court addresses each pending motion in turn.

   I.   **Motion For Copies**

Mr. Akram requests copies of the Recommended Disposition filed by United Sates Magistrate Judge Beth Deere and his objections to the Recommended Disposition (Dkt. No. 23). For good cause shown, the Court grants the motion (*Id.*). The Court directs the Clerk of Court to send to Mr. Akram copies of Docket Numbers 18 and 19, along with a copy of the docket sheet in this matter.

   II.  **Motion To Extend Time**

Mr. Akram also moves to extend time (Dkt. No. 24). In his motion, Mr. Akram states that he is unable to visit the law library or obtain law materials due to COVID-19 restrictions (*Id.*). Mr.

Akram therefore requests "an extension of time to file [his] motion for rehearing and permission to move forward to [the Court of Appeals]." (*Id.*).

To the extent Mr. Akram in his motion seeks to appeal this Court's prior rulings, he must obtain a certificate of appealability.  *See* 28 U.S.C. § 2253(c)(1)(A); Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts.  A certificate of appealability is a jurisdictional prerequisite for a court of appeals to review a petition for a writ of habeas corpus. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see* Fed. R. App. P. 22(b)(1) ("In a habeas corpus proceeding in which the detention complained of arises from process issued in state court, or in a 28 U.S.C. § 2255 proceeding, the application cannot take an appeal unless a . . . district judge issues a certificate of appealability . . . .").  This Court previously denied a certificate of appealability in this case (Dkt. No. 21, at 1).  If Mr. Akram seeks further review, he must request issuance of the certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals in accordance with *Tiedman v. Benson*, 122 F.3d 518, 520-22 (8th Cir. 1997).

To the extent Mr. Akram requests an extension of time to file a notice of appeal, the Court grants his request.  *See* Fed. R. App. P. 4(a)(5) ("The district court may extend the time to file a notice of appeal if:  (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause."). This Court entered judgment on September 22, 2021, and Mr. Akram filed the instant motion on October 15, 2021 (Dkt. Nos. 22; 24).  Therefore, the Court finds that the instant motion was timely filed. Fed. R. App. P. 4(a)(5)(i).  Additionally, the Court finds that Mr. Akram has shown good cause for the requested extension, due to his inability to access to the law library or obtain law

materials. Fed. R. App. P. 4(a)(5)(ii). Mr. Akram has 21 days from the entry of this Order to file a notice of appeal, should he choose to do so.

For these reasons, the Court denies, in part, and grants, in part Mr. Akram's motion (Dkt. No. 24).

### III.  Motion To Reconsider

Mr. Akram also filed a motion to reconsider pursuant to Federal Rule of Civil Procedure 59(e) (Dkt. No. 25). Mr. Akram claims that the Court erred by concluding that Mr. Akram's insufficiency-of-the-evidence claims were procedurally defaulted (*Id.*). Respondent Dexter Payne has responded in opposition (Dkt. No. 26).

Rule 59(e) motions serve the limited function of correcting "'manifest errors of law or fact or to present newly discovered evidence.'" *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (quoting *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988)). "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Id*. The rule permitting a court to alter or amend a judgment may not be used to relitigate old matters, and the rule may not be used to raise arguments or present evidence that could have been raised prior to the entry of judgment. *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008) (citing Fed. R. Civ. P. 59(e)).

Mr. Akram has failed to satisfy the requirements of Federal Rule of Civil Procedure 59(e). In his motion, Mr. Akram raises many of the same arguments as he raised in his original petition. He argues again that the State failed to prove beyond a reasonable doubt that he committed murder and that the directed verdict motion he made at trial was adequate to preserve his sufficiency-of-the-evidence claims for appellate review in the Arkansas Court of Appeals (Dkt. Nos. 19, at 1–3;

25, at 1–2). The Court examined and rejected those arguments. Mr. Akram has not demonstrated manifested errors of law or fact nor has he presented newly discovered evidence to the Court with respect to these or any of his arguments.

For these reasons, Mr. Akram's motion to reconsider is denied (Dkt. No. 25).

### IV. Conclusion

It is therefore ordered that:

1. The Court grants Mr. Akram's motion for copies (Dkt. No. 23). The Clerk of Court is directed to send to Mr. Akram copies of Docket Numbers 18 and 19, along with a copy of the docket sheet in this matter.

2. The Court denies, in part, and grants, in part Mr. Akram's motion to extend (Dkt. No. 24). Mr. Akram has 21 days from the entry of this Order to file a notice of appeal, should he choose to do so.

3. The Court denies Mr. Akram's motion to reconsider (Dkt. No. 25).

It is so ordered this 12th day of September, 2022.

_____
Kristine G. Baker
United States District Judge